UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TONY THUAN NGUYEN,

            Plaintiff,                      Civil No. 07-67-HA

            v.                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.

_____

HAGGERTY, Chief Judge:

       Plaintiff brings this action pursuant to 42 U.S.C. § 1383 (c)(3) of the Social Security Act.

Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration (SSA) denying his application for disability insurance benefits (DIB) payments.

He seeks an order reversing the Commissioner's decision and remanding this case for an award

of benefits.

**ADMINISTRATIVE HISTORY**

       Plaintiff protectively filed his application for DIB benefits on March 21, 2001 and

alleged disability beginning on July 25, 1999.  Tr. 292.[1]  His application was denied initially and

_____

1      Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

1  - OPINION AND ORDER

upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge [ALJ]. After a hearing, an ALJ concluded that plaintiff was not disabled. Tr. 12-21. After an unsuccessful appeal to the SSA Appeals Council, plaintiff sought judicial review of the SSA's final decision. As detailed below, this court remanded this action for further proceedings. After a second hearing an ALJ again issued a finding that plaintiff was not disabled. Tr. 289-99.

**FACTUAL BACKGROUND**

Plaintiff was forty-seven years old at the time of his initial hearing. He has a limited education of five years of formal schooling. He has worked as a laborer, convenience store owner, and a welder.

As this litigation has an extenuated history, this court will rely upon the records, evidence and analysis that have been presented thoroughly already, and will merely summarize details of plaintiff's medical history as necessary in this ruling. Plaintiff has suffered from headaches, back pain with radiculitis and numbness, and insomnia. In July 1999, plaintiff suffered a specific back injury occurred when a delivery truck in which he was a passenger came to an abrupt stop.

He was diagnosed with lumbar and cervical strain and began treatment with Stephen Thomas, M.D. Plaintiff showed some improvement initially but returned to his doctor with increased lower back pain radiating down both legs. Plaintiff was diagnosed with exacerbation of a degenerative disc disease.

Plaintiff suffered a second automobile accident in January 2002 and endured increased back pain. On May 20, 2002, Dr. Thomas completed a physical capacities evaluation form indicating that plaintiff must alternate between sitting and standing every ten minutes due to pain and can only sit one hour out of eight. Tr. 222. The doctor's report also indicated that plaintiff

2  - OPINION AND ORDER

can occasionally squat, kneel but cannot push or pull arm controls, bend, crawl, climb or stoop. *Id*. Plaintiff was described as moderately restricted from activities involving temperature extremes, wetness, humidity, noise, vibration, fumes, odors, dust, gasses, poor ventilation or hazards. *Id*. included with this report was a statement marked, dated and signed by Dr. Thomas that opined that plaintiff's impairment equaled Listing 1.04. Tr. 223.

When this medical opinion from plaintiff's treating physician was rejected by an ALJ in 2004, this court concluded that the reasons provided for rejecting the opinion (inconsistency with other physicians' findings and supported primarily by plaintiff's subjective statements) were insufficient. Opinion and Order Issued October 7, 2005 (Civil No. 04-1267-KI) at 8-9. This court recognized that "Dr. Thomas, as an orthopedic specialist, had a long relationship with [plaintiff], having treated [plaintiff] for three years for his back impairment. The doctor's records are replete with objective tests, such as limited range of motion, positive straight leg raising and tenderness to palpation." *Id*. at 8. The doctor's opinions were found to be well-supported by the doctor's "many observations of [plaintiff] over the years, and multiple examinations of [plaintiff's] range of motion, leg raising, palpation, and muscle spasms." *Id*. at 9.

As noted above, plaintiff's initial Complaint seeking judicial review resulted in a remand from this court for further proceedings to more clearly ascertain whether plaintiff is a malingerer and whether the available medical evidence "demonstrates plaintiff's condition worsened following the car accident" that plaintiff suffered in January 2002. *Id*. at 12.

The remand hearing was held September 8, 2006, and on November 14, 2006, the ALJ again issued a decision finding plaintiff not disabled. Plaintiff seeks judicial review of that decision.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any SGA "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in

work that the claimant has performed in the past.  If the claimant is able to perform his or her

former work, a finding of "not disabled" is made and disability benefits are denied.  *See* 20

C.F.R. § 404.1520(e).

   If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step to determine if the claimant can perform other

work in the national economy in light of his or her age, education, and work experience.

   In this five-step framework used by the Commissioner, the claimant has the burden of

proof as to steps one through four.  Accordingly, the claimant bears the initial burden of

establishing his or her disability.

   However, in step five, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

residual functional capacity (RFC), age, education, and work experience.  *Hoopai*, 499 F.3d at

1074-75 (citations omitted).

   If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  *See* 20 C.F.R. § 404.1520(f)(1).  If the

Commissioner meets this burden, the claimant is deemed not disabled for purposes of

determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

   The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v.

Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more

than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in any substantial gainful activity since his alleged onset date. Tr. 294. The ALJ acknowledged that plaintiff has the severe impairment of a lumbar back disorder, but concluded that this impairment does not meet or equal any listing in Social Security's Listing of Impairments. Tr. 294-96.

At step four, the ALJ found that plaintiff has the RFC for a reduced range of work at the light exertional level and could return to his past relevant work as a convenience store owner. Tr. 296-99.

6    - OPINION AND ORDER

**QUESTION PRESENTED**

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits. Plaintiff alleges that (1) the ALJ improperly rejected the opinions of plaintiff's treating physician (2) the ALJ failed improperly found plaintiff's testimony less than credible; and (3) because of these errors, the ALJ erred in concluding that plaintiff could return to past relevant work. Pl.'s Brief at 17-18.

**DISCUSSION**

      **1.**       **The ALJ's analysis of plaintiff's treating physician**

Plaintiff first argues that the ALJ erred by rejecting his treating physician's opinion that plaintiff must alternate between sitting and standing every ten minutes due to pain, cannot push or pull arm controls, bend, crawl, climb or stoop, and suffered from an impairment that equals Listing 1.04. *See* Tr. 222-23. This medical opinion was further bolstered by a written statement from Dr. Thomas prepared on September 7, 2006, one day before plaintiff's second hearing before an ALJ. Tr. 398. In this statement Dr. Thomas reasserted his professional opinion that plaintiff "is totally disabled." *Id.* The doctor indicated that he reviewed plaintiff's records and confirmed his prior diagnoses:

> [Plaintiff] has chronic back pain with radiculopathy. He has an abnormal MRI demonstrating degenerative arthritic changes. At the present time he is unable to stand for more than ten minutes at a time. He can only walk an everso short distance using a cane. He can only sit for a short time. He cannot do any lifting. He cannot do any bending or twisting. * * *  I still agree with the opinion I gave in May, 2002, that he is disabled secondary to his lumbar degenerative arthritis and radiculopathy.

*Id.*

7   - OPINION AND ORDER

This court has already reviewed the applicable standards for evaluating a physician's opinion. *See* October 7, 2005 Opinion and Order at 8. Determining the proper weight to be given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a non-examining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion is entitled to more weight because the person has a greater opportunity to know and observe the patient. *Id*.; *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

If a treating physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. If it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830.

The opinion of a non-examining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. *Id*. at 831. Opinions of a non-examining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and the opinions proffered are consistent with that evidence. *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

On remand, the Commissioner was guided by this court's conclusions that reliance upon the opinions of "John W. Thompson, M.D., an orthopedic surgeon, who saw [plaintiff] once three months after his accident, and Michael E. Wilson, D.O., who is not an orthopedist and who did not have access to [plaintiff's] medical records" was insufficient to reject Dr. Thomas's opinions. *See* October 7, 2005 Opinion and Order at 8-9.

After a second hearing, the presiding ALJ rejected Dr. Thomas's opinions again.  Tr. 298 ("Again, I give Dr. Thomas's opinion very little weight.").  The ALJ explained that Dr. Thomas "has attempted to take on the roles of both judge and vocational expert," and that some of the doctor's records regarding plaintiff's limitations are "significantly inconsistent" with other records from him and with records from other physicians.  Tr. 298-99.  Perhaps disingenuously, the ALJ also referenced evidence that plaintiff might be overstating limitations, but declared that "I decline to opine on the allegations of malingering." Tr. 299.[2]

Although the ALJ acknowledged Dr. Thomas's September 7, 2006 letter, in which the doctor opined explicitly that plaintiff is totally disabled, the ALJ gave the doctor's opinion "little weight due to discrepancies in his opinions and findings." Tr. 298.  The discrepancies cited pertained to an opinion from January 2000, in which the doctor noted that plaintiff – in January 2000 – could sit six hours a day, stand two hours a day, walk four hours a day, push and pull, continually lift one to ten pounds, and frequently lift eleven to twenty pounds.  Tr. 298, referring to Tr. 165.  The ALJ also noted that Dr. Thomas's estimates of what plaintiff could lift varied between January and June 2000.  Tr. 298.  On June 20, 2000, Dr. Thomas opined that plaintiff was capable of light work with no lifting over ten pounds. Tr. 154.  On June 30, 2000, Dr. Thomas responded to an inquiry from an insurance entity and declared that he would change plaintiff's lifting restriction to twenty-five pounds.  Tr. 153.

---

2    The October 7, 2005 Opinion and Order extensively addressed the ALJ's ambiguous references to suspicions of malingering in the initial denial of benefits.  *See* October 7, 2005 Opinion and Order at 9-11.  The ALJ's election to note the specter of possible evidence of malingering while explaining the rejection of Dr. Thomas's opinions, but to "decline to opine" on that evidence, is unhelpful to a fair review of the evidence presented and the legitimacy of the ALJ's evaluation of that evidence.

9    - OPINION AND ORDER

There is no dispute that plaintiff was treated by Dr. Thomas during 2000, demonstrated an intent to work throughout his treatment, and in some respects improved medically.  However, Dr. Thomas's observations in 2000, and his obviously careful, fluctuating evaluations of plaintiff's lifting capabilities in 2000, provide no basis for attributing little weight to the doctor's subsequent opinions of plaintiff's limitations in 2002 and 2006.

Similarly, the ALJ's conclusion to discount Dr. Thomas's report from May 20, 2002 because the doctor "marked a box" but "failed to state any objective reasoning although space was provided" is specious.  The "marked box," and the doctor's dated signature, was accompanied by a completed Physical Capacities Evaluation, also signed and dated May 20, 2002.  Tr. 222-23.

Argument from the Commissioner's counsel that the information provided by the Evaluation could be reasonably disregarded by the ALJ because the doctor omitted the words "see attached" next to his signature is rejected.  *See* Dft.'s Brief at 8.  This court notes that a full judicial review of this medical opinion  was conducted in 2005.  Instead of entertaining notions that the opinion should be discounted because it was a mere check mark without "objective reasoning" provided in the space near the doctor's signature, this court recognized that Dr. Thomas was a specialist in the relevant area of medicine, had a "long history" of treating plaintiff for his back condition, and offered opinions about plaintiff's condition that were "supported by his many observations of [plaintiff] over the years, and multiple examinations of [plaintiff's] range of motion, leg raising, palpation, and muscle spasms."  *See* October 7, 2005 Opinion and Order at 9.  On remand, the ALJ should have acknowledged the same.

10 - OPINION AND ORDER

Even assuming but not deciding that Dr. Thomas's May 20, 2002 medical opinion of his patient was somehow obscured by the ALJ's need for additional "objective reasoning," such a need would nevertheless fail as legitimate grounds for discounting that opinion.

A claimant bears the initial burdens of proving disability. However, the ALJ also has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Hayes v. Astrue*, 2008 WL 686867, *2 (Ninth Circuit March 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam).[3]

Some responsibility to develop the record rests with the ALJ in part because disability hearings are inquisitorial rather than adversarial in nature. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). Administrative regulations also mandate the ALJ to look "fully into the issues" at hearings. 20 C.F.R. §§ 404.944 and 416.1444; *see also Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989).

Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert or to order a consultative examination. *See* 20 C.F.R. §§ 404.1519a and 416.919a. If the evidence presented is inadequate to determine disability, the ALJ is required to re-contact the medical source for additional information. 20 C.F.R. § 416.912(e). *See also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citation omitted) (the requirement for seeking additional information is triggered when evidence from a treating medical source is inadequate to make a determination as to a claimant's disability).

------

3    This duty extends to the represented as well as to the unrepresented claimant, but when the claimant is not represented by counsel, this duty requires the ALJ to be especially diligent in seeking all relevant facts. *Id*.

Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C .F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

If the record before the ALJ precludes the proper evaluation of the evidence, the ALJ's duty to further develop the record is triggered. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citation omitted).

If the ALJ was unable to fully credit Dr. Thomas's expert opinions that he rendered in 2002 and 2006 regarding his patient's limitations – either because the 2002 opinion appeared to the ALJ to be unsupported or because of apparent inconsistencies that could be construed from opinions regarding plaintiff's condition in 2000 or at other times prior to his second automobile accident in 2002 –  the ALJ should have acknowledged an inability to properly evaluate the evidence presented.  The ALJ then should have taken reasonable steps to ensure that the apparent questions about the medical evidence were addressed so that plaintiff's disability determination could have been fairly made on a sufficient record of information.

However, an ALJ's failure to develop the record cannot fairly be construed as a specific and legitimate reason, supported by substantial evidence in the record, relied upon for

12 - OPINION AND ORDER

discounting the weight otherwise attributable to a treating physician's opinion.  Accordingly, the

ALJ's perceptions that Dr. Thomas's May 20, 2002 opinion regarding plaintiff was unsupported –

as well as the allegations that Dr. Thomas's earlier opinions of plaintiff's limitations are

impermissibly inconsistent with the doctor's opinions of plaintiff in 2002 and 2006 – are

insufficient reasons for attributing little weigh to those later opinions.

    The issues presented here compel a remand.  The decision whether to remand for further

proceedings or for immediate payment of benefits is within the discretion of the court.  *Benecke*

*v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  A reviewing court should credit evidence and

remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally

sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved

before a determination of disability can be made; and 3) it is clear from the record that the ALJ

would be required to find the claimant disabled if the evidence in question were credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

    Under these standards, a remand for a finding of disability and an award of benefits

is appropriate here.  When it is clear from the record that the ALJ would be required to find the

claimant disabled if the evidence in question were credited, additional proceedings are

unnecessary to determine plaintiff's entitlement to benefits.  *See Smolen*, 80 F.3d at 1292

(remanding for an award of benefits is appropriate where the record is fully developed, and

further proceedings "would serve no useful purpose"); *see also Lester*, 81 F.3d at 834 (if

evidence that was improperly rejected demonstrates that claimant is disabled, court should

remand for payment of benefits).  Permitting the Commissioner a further opportunity to amend

findings to comport with the denial of disability benefits is not in the interests of justice.  *See*

13 - OPINION AND ORDER

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

The record presented establishes that plaintiff cannot perform any substantial gainful work that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id.* (citations omitted). As the *Benecke* court concluded:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [his or] her obligation to develop the record.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## 2. The ALJ's analysis of plaintiff's credibility

Because the appropriate remedy regarding ALJ's error in improperly discounting Dr. Thomas's opinions of plaintiff's limitations is to remand this action for the calculation and award of benefits, plaintiff's remaining argument that the ALJ erred by giving inadequate reasons for rejecting plaintiff's testimony is rendered moot. This court nevertheless notes that the Commissioner's assertion that the ALJ provided "clear and convincing reasons" for discrediting plaintiff's statements is rejected. *See* Dft.'s Brief at 17.

Because the ALJ did not find that plaintiff was malingering, the ALJ's reasons for rejecting plaintiff's testimony must be clear and convincing. *Moisa v. Barnhart*, 367 F.3d 882,

14 - OPINION AND ORDER

885 (9th Cir. 2004) (citation omitted); *see also Morgan v. Commissioner*, 169 F.3d 595,

599-600 (9th Cir. 1999). Here, as noted, the ALJ explicitly declined to "opine on allegations of

malingering." Tr. 299.

The ALJ nevertheless discredited plaintiff because Dr. Wilson "felt" plaintiff's functional

limitations were overstated, and because Dr. Thompson expressed a concern that inconsistencies

in his examination suggested "significant psychological factors." Tr. 297-99. These references

fall short of establishing clear and convincing reasons for discrediting plaintiff's statements.

"The ALJ must state specifically which symptom testimony is not credible and what facts

in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. Moreover, the ALJ is required

to provide a "narrative discussion" containing specific reasons for the finding and supported by

the evidence in the record, and is required to "make clear" the weight the adjudicator gave to the

individual's statements and the reasons for that weight. *Id*. (citing Social Security Ruling

((SSR)) 96-7p and SSR 96-8p).

"While an ALJ may certainly find testimony not credible and disregard it as an

unsupported, self-serving statement," a court cannot affirm such a determination "unless it is

supported by specific findings and reasoning." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-

85 (9th Cir. 2006) (citations and quotations omitted). The ALJ failed to meet these standards for

discrediting plaintiff's statements. This error would compel a remand for the calculation of

benefits independent of the analysis provided above regarding the improper rejection of Dr.

Thomas's medical opinions of plaintiff's limitations.

## **CONCLUSION**

15 - OPINION AND ORDER

The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of his impairments, and he is disabled. Accordingly, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB to plaintiff Tony Thuan Nguyen.

IT IS SO ORDERED.

DATED this ___31___ day of March, 2008.


                                        ___/s/ ANCER L. HAGGERTY___
                                        ANCER L. HAGGERTY
                                        United States District Judge